## A93A2192. RACE, INC. v. SHELL.
(442 SE2d 767)

COOPER, Judge.

This is an appeal from the entry of judgment on an arbitrator's award.

Appellant Race, Inc. is an operator of automobile rental facilities. Appellee was one of four shareholder/employees under a shareholder agreement with appellant which provided that in the event of termination of employment, appellant would purchase the outstanding shares of the terminated employee at fair market value. Upon appellee's termination, when the parties were unable to reach an agreement as to the fair market value of appellee's shares, the matter was submitted to an arbitration panel pursuant to the shareholder agreement. A hearing was held by the arbitration panel on May 9, 1990. The parties received copies of the arbitrators' decision along with a June 18, 1990 forwarding letter from one of the arbitrators on the panel. The arbitrator advised the parties that the panel withheld the decision because appellant had not paid its portion of the fee to two of the arbitrators. On June 20, 1990, appellant sent written objections to the award to each of the arbitrators, taking exception to the timeliness of the award and the mode of delivery pursuant to OCGA § 9-9-10. Appellee subsequently filed this action for entry of judgment on the arbitrators' award pursuant to the Georgia Arbitration Code (OCGA § 9-9-1 et seq.) and the Federal Arbitration Act (9 USCA § 1 et seq.). After conducting an evidentiary hearing pursuant to the Georgia Arbitration Code, the trial court confirmed the arbitrators' award, finding that appellant's failure to compensate one of the arbitrators was a contributing factor in the delay of the rendition of the award and (notwithstanding appellant's failure to file an application to vacate the award) that appellant did not demonstrate that its rights were prejudiced by the delay in the entry and dissemination of the award. On appeal, appellant contends the trial court erred in finding that there existed a valid and binding arbitration award because the award was neither personally delivered or delivered by registered or certified mail, nor was it made within 30 days following the hearing before the arbitration panel in accordance with OCGA § 9-9-10. Appellant also contends the court erred in finding that appellant waived its right to object to the untimeliness of the award. However, as we discussed above, the court did not hold that appellant waived its right to object to the untimeliness of the award by failing to file an application to vacate the award within three months after the delivery of the award in accordance with OCGA § 9-9-13 (a). Instead, the court specifically set that issue aside and proceeded to consider the merits of appellant's claims as if they had been properly raised.

According to the Georgia Arbitration Code,[1] specifically OCGA § 9-9-12, "[t]he court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court as provided in this part." OCGA § 9-9-13 (b) (3) provides as follows: "The award shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were *prejudiced* by . . . [a]n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made." (Emphasis supplied.) On appeal, appellant continues to assert the failure of the arbitrators to comply with statutory requirements as a basis for vacating the award but makes no showing of prejudice. Thus, there is no basis for a reversal of the trial court.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 — 

*Trauner, Cohen & Thomas, Russell S. Thomas,* for appellant.
*Rolf M. Baghdady,* for appellee.

---

[1] We decline to apply the Federal Arbitration Act, as urged by appellee, because there is insufficient evidence of appellant's business activities in the record to determine whether the agreement "involved 'commerce' as that term is used in the Federal Arbitration Act." *ADC Constr. Co. v. McDaniel Grading,* 177 Ga. App. 223, 225 (1) (338 SE2d 733) (1985).